**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA
PROBATION OFFICE

MICHELLE A. CAREY
CHIEF PROBATION OFFICER

January 9, 2012

600 U. S. COURTHOUSE
312 N. SPRING STREET
LOS ANGELES 90012-4708

Honorable Philip S. Gutierrez
United States District Judge
United States Court House
Los Angeles, California 90012

      **Re:    BREWER, Janeth**
                 **Docket No. CR11-00762-PSG**

Dear Judge Gutierrez:

Having considered both the sentencing factors enumerated at 18 U.S.C. § 3553(a) and the advisory guideline range of 30 to 37 months based upon an offense level of 19 and a criminal history category of I, the Probation Officer respectfully recommends the following sentence.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution in the total amount of $1,655,932 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Alliance Bancorp[1] | $ 243,000 |
| Federal Home Loan Mortgage Corp. | $ 255,000 |
| FDIC or One West Bank | $ 841,000 |
| JPMorgan Chase | $ 316,932 |
| Total | $1,655,932 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10 percent of defendants's gross monthly income, but not less than $300.00, whichever is greater, during the period of supervised release and shall begin 30 days

---

[1] According to the case agent, Alliance Bancorp went bankrupt and the sale of this property was handled by trustee California Reconveyance Corp., which would need to go through a legal process to identify the victim.

2

after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Janeth Brewer, is hereby committed on the Single-Count Information to the custody of the Bureau of Prisons to be imprisoned for a term of 30 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. The defendant shall not commit any violation of local, state or federal law or ordinance;

3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall comply with the immigration rules and regulations of the United States, and if deported or removed from this country, either voluntarily or involuntarily, not reenter the United States illegally.  The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California  90012;

5. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, or investment programs without the express approval of the Probation Officer prior to engagement in such employment.  Further, the defendant shall

       provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

6. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer;

7. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

8. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on a date to be determined. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

<u>Justification</u>

Pursuant to 18 U.S.C. § 3553(a) the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed --
   a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. To afford adequate deterrence to criminal conduct;
   c. To protect the public from further crimes of the defendant; and
   d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentence available;
4. The guideline sentencing range;
5. Any pertinent policy statements issued by the Sentencing Commission;
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

4

SERIOUSNESS OF THE OFFENSE AND COMMUNITY PROTECTION

Before the Court is 38-year-old Janeth Brewer who has pleaded guilty to conspiracy to commit loan and wire fraud. Specifically, while employed at Capital Mortgage Services (CMS), Brewer prepared and submitted loan applications to lenders containing false information on behalf of CMS's clients who did not have sufficient financial resources to qualify for a loan. Because of Brewer's conduct, the victims suffered a loss of $1,655,532. Brewer's conduct indicates that she pose a financial threat to financial institutions.

The advisory guidelines have taken into account the circumstances of the instant offense, the amount of loss, Brewer's acceptance of responsibility, and her lack of criminal history. The Probation Officer has also considered the additional factors listed in 18 U.S.C. § 3553(a).

ADEQUATE DETERRENCE AND RESPECT FOR LAW

Approximately 19 years ago, Brewer graduated from high school. One month after she graduated, she was convicted of a misdemeanor (petty theft). It appears as though her probation successfully expired with no violations. Brewer attended college and obtained her real estate license in 2002. By this time, she had two daughters. In 2004, she became a loan officer and one year later, she committed in the instant offense. Although, in 2008, she separated from her live-in boyfriend because he was aggressive towards her, Brewer found employment as a realtor and took care of herself and her daughters. Currently, she maintains a full-time job as a receptionist, sells houses on the side, has full custody of her daughters, and takes care of her nieces and nephew. Brewer expressed an interest in completing her education. Her future goal is to be an accountant.

Based on Brewer's prior convictions, her history of gainful employment, and her family, the likelihood of recidivism appears low.

JUST PUNISHMENT

Based on the above, a custodial term of 30 months, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. Section 3553(a)(2). Such a sentence, within the advisory guideline range, satisfies the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

A two-year term of supervised release is recommended to monitor Brewer after her release from incarceration.

The Probation Officer did not recommend a fine because Brewer lacks the current and future ability to pay a fine in addition to restitution.

Pursuant to 18 U.S.C. § 3553(c)(2), the Court shall state in open Court the reasons for imposing a sentence that is not of the kind or within the applicable sentencing guideline range.

The recommendation for self-surrender is contingent upon the Court having made the requisite findings pursuant to 18 U.S.C. § 3143(a) (release or detention pending sentence).

5

Pursuant to 18 U.S.C. § 3771(a)(4), a crime victim has the right to be reasonably heard at any public proceeding in the district court involving sentencing.

Pursuant to 18 U.S.C. § 3583(d), conditions of supervised release must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant.

Condition nos. 3 and 8 will assist in the collection of restitution. Condition nos. 5, and 6 are recommended due to the nature of the present offense; they are necessary to protect Brewer's employers from similar offenses. Cooperating in the collection of a DNA sample is a statutorily mandated condition of supervision in this case.

Pursuant to 18 U.S.C. § 3583(d), conditions of supervised release must be reasonably related to the following factors: (i) to afford adequate deterrence to criminal conduct; (ii) to protect the public from further crimes of the defendant; and (iii) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. These conditions must involve no greater deprivation of liberty than is reasonably necessary.

Brewer does not have to undergo drug or alcohol testing since she does not appear to be at risk for future substance abuse.

    Respectfully submitted,

    MICHELLE A. CAREY
    Chief U. S. Probation Officer

    MAYTEE ZENDEJAS
    U. S. Probation Officer
    213-894-5597

Reviewed and Approved:

STEVEN YUNG
Supervisor
213-894-3460

G:\COMMON\DOCS\T88\BREWER_JANETH_127868_PSG_REC1.WPD