ORIGINAL

1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   PAUL STERN (Cal. Bar No. 162734)
4  Assistant United States Attorney
   Major Frauds Section
5      1100 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone:  (213) 894-0715
7      Facsimile:  (213) 894-6269
       E-mail:     paul.stern@usdoj.gov
8
9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

FILED
CLERK, U.S. DISTRICT COURT
AUG 1 3 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LODGED
2014 AUG 12 PM 4:56
CLERK U.S. DISTRICT COURT

10           UNITED STATES DISTRICT COURT
11
12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 11-762-PSG

14            Plaintiff,               CRIMINAL DOCUMENT FILED UNDER SEAL

15            v.                       (UNDER SEAL)

16  JANETH BREWER,

17            Defendant.

18

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

ORIGINAL

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PAUL STERN (Cal. Bar No. 162734)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0715
     Facsimile:  (213) 894-6269
     E-mail:     paul.stern@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

AUG 13 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-762-PSG |
| Plaintiff, | CRIMINAL DOCUMENT FILED UNDER SEAL |
| v. | (UNDER SEAL) |
| JANETH BREWER, | |
| Defendant. | |

//
//
//
//
//
//
//
//
//
//

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PAUL G. STERN (Cal. Bar No. 162734)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0715
    Facsimile: (213) 894-6269
    E-mail:    paul.stern@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 11-762-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE FOR SUBSTANTIAL ASSISTANCE PURSUANT TO USSG § 5K1.1 AND STATEMENT OF SENTENCING POSITION |
| v. | |
| JANETH BREWER, | [UNDER SEAL] |
| Defendant. | Date: August 25, 2014 |
| | Time: 10 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Paul G. Stern, hereby files its Motion For A Downward Departure Based on Defendant's

Substantial Assistance and Statement of Sentencing Position in the

above-entitled matter.

Dated: August 12, 2014        Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

PAUL G. STERN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE

## AND STATEMENT OF SENTENCING POSITION

I.    INTRODUCTION

With this submission, the government makes a motion for a six-level downward departure based upon defendant Janeth Brewer's ("defendant") substantial assistance, pursuant to USSG § 5K1.1, and it also set forth its position with respect to: (1) a reasonable sentence for defendant, consistent with defendant's applicable guideline range and other Section 3553 factors; and (2) the appropriate amount of restitution to be ordered in this matter.

Based upon the government's departure recommendation and its consideration of applicable section 3553 factors, the government respectfully submits that defendant should be sentenced based on a total offense level of 13 and a criminal history category of I, resulting in a guideline range of 12 to 18 months. Consistent with this range (falling in zone C of the Sentencing Table), the government respectfully recommends a custodial sentence of one year and a day in this case, along with imposition of a restitution obligation of $1,915,955, to be followed by a two-year term of supervised release.

II.  **MOTION FOR A DOWNWARD DEPARTURE FOR SUBSTANTIAL ASSISTANCE**

A.  <u>Introduction</u>

The government hereby moves, pursuant to USSG § 5K1.1, for a six-level downward departure in defendant's otherwise applicable guidelines offense level, based upon defendant's substantial assistance in the prosecution of another person.  The basis of the departure motion is elaborated below.

Among other assistance, defendant provided useful information and evidence, through pre-indictment interviews and document review and by making several consensually monitored undercover recordings, which resulted in two other targets of government investigations tendering pleas of guilty to related loan fraud misconduct.  Based in part on defendant Brewer's cooperation, defendants Imelda Sanchez ("Sanchez") and Rosa Estrada ("Estrada") pled guilty to criminal misconduct involving loan fraud (among other offenses), and defendants Sanchez and Estrada have already been sentenced by this Court to terms of 36-months of imprisonment and 12-months of home detention, respectively, in <u>United States v. Imelda Sanchez</u>, CR 11-427-PSG, and <u>United States v. Rosa Estrada</u>, CR 11-1206-PSG.

Defendant resolved the case against her through a pre-indictment plea to conspiring with co-schemers Estrada and Sanchez to defraud several mortgage lenders by submitting false loan applications based on fraudulent verifications of deposit ("VODs") and fraudulent verifications of employment ("VOEs") for numerous borrowers submitted through a mortgage brokerage company called Capitol Mortgage Services, Inc. ("CMS").  While serving as a loan officer at CMS, defendant Brewer coordinated with co-schemers Estrada and Sanchez to obtain fraudulent VODs and VOEs that would enable CMS' borrowers to

qualify for loans based on false information submitted by CMS, through defendant Brewer, on behalf of its borrowers.

As a result in part of defendant Brewer's cooperation, defendants Sanchez and Estrada eventually decided to tender pleas of guilty to charges that involved their participation in related loan fraud, among other misconduct. Given that defendant provided timely cooperation, including making consensually monitored undercover recordings, which yielded guilty pleas in two other cases, the scope of the government's downward departure motion is appropriate here and properly reflects the magnitude and quality of the "substantial assistance" provided to the government by defendant.

On September 19, 2011, defendant entered her guilty plea to a one-count Information charging her with having conspired with two other persons affiliated with CMS, co-conspirators Estrada and Sanchez, to commit loan and wire fraud against various lenders by submitting false loan applications containing fraudulent VODs and VOEs for clients of CMS. The Probation Office ("USPO") has calculated defendant's total pre-departure advisory guidelines offense level as 19 (including credit for acceptance of responsibility), and her criminal history category as I, resulting in a pre-departure sentencing range of 30-37 months. The USPO's guidelines analysis tracks the guidelines calculation set forth in defendant's plea agreement. The substantial assistance departure recommended in this memorandum would result in an offense level of 13 and a reduced sentencing range of 12-18 months, assuming a criminal history category of I. The government is also making a low-end sentencing recommendation here, proposing a custodial sentence of one

year and one day, although it is not obligated to do so under the plea agreement.

### B. Factual Background

The conduct at issue in this case is described in the detailed statement of facts that is attached as Exhibit B to defendant=s plea agreement. It is also described at paragraphs 13-41 of the Presentence Report ("PSR").

### C. Defendant's Guideline Calculation

On September 19, 2011, defendant pled guilty to a single count Information charging her with a conspiracy to commit loan fraud and wire fraud, in violation of 18 U.S.C. § 371, thereby admitting her involvement in the mortgage fraud scheme set forth in the Information to which she pled guilty.

In her plea agreement, defendant stipulated that the base offense level for her conspiracy offense was 6, and that her offense was properly subject to a 16-level enhancement for loss in the range of $1 million and $2.5 million. Based upon the application of these adjustments, the government submits that defendant's total pre-departure advisory guideline offense level, including credit for acceptance of responsibility, is 19.

The USPO's calculation of defendant's advisory offense level accords with the government's analysis. Accordingly, the Probation Officer calculated defendant's total offense level to be 19, based upon an anticipated 3-level reduction for acceptance of responsibility. Thus, the Probation Officer determined that defendant=s pre-departure advisory guidelines range is 30-37 months, based upon her assessment that defendant's criminal history category is I. (PSR ¶¶ 45-57, 109). On January 30, 2012, the government

4

```
 1   filed its Response to the PSR, concurring with the factual findings
 2   and guidelines analysis set forth therein.
 3        D.   Defendant's Cooperation
 4        Defendant began cooperating with the government immediately upon
 5   being contacted by the Federal Bureau of Investigation ("FBI"), on
 6   October 4, 2007, when she admitted her wrongful conduct in preparing
 7   fraudulent loan applications for CMS' clients and in particular in
 8   obtaining fraudulent VODs from Rosa Estrada and false VOEs from
 9   Imelda Sanchez.  She subsequently met with the government at a
10   proffer session on October 10, 2007, accompanied by her attorney, and
11   at that time she confirmed much of the same information she provided
12   when she met with the FBI on October 4, 2007.
13        Brewer also met with the government on May 9, 2011 for a follow-
14   up proffer session in which the details of her obtaining fraudulent
15   VOE letters from co-schemer Imelda Sanchez was the subject of further
16   inquiry.  Apart from these two de-briefing sessions, defendant Brewer
17   also made three successful consensually-monitored recordings of
18   conversations with co-schemer Rosa Estrada and an associate of Imelda
19   Sanchez, Salvador Ponce.  All three of these undercover recordings
20   resulted in evidence that incriminated Estrada and Sanchez and
21   ultimately led to Estrada's and Sanchez's respective guilty pleas.
22        Following disclosure of the materials relating to defendant
23   Brewer's cooperation, co-defendants Estrada and Sanchez entered pleas
24   of guilty in their cases, on February 6, 2012 and February 11, 2013
25   respectively.
26
27
28
```

# E. Departure Recommendation

## 1. Defendant's cooperation has been useful

As set forth above, defendant's cooperation significantly assisted the government in the investigation and successful prosecution of Rosa Estrada and Imelda Sanchez. Absent defendant's substantial assistance, the case against these two defendants would have been measurably weaker.

## 2. Defendant's cooperation has been truthful

In her dealings with the government following her nearly-immediate decision to cooperate, defendant made a good faith effort to be fully forthcoming and candid. Her testimony was generally consistent over time and was strongly corrborated by other evidence collected in this case, both documentary and testimonial.

## 3. Nature and extent of the assistance

Defendant has provided substantial cooperation in assisting in the investigation and prosecution of co-schemers Estrada and Sanchez and has also freely answered questions about the conduct of other individuals who worked at entities that perpetrated mortgage fraud.

## 4. The departure provides a reasonable sentence

The requested six-level downward departure will result in an advisory sentencing range for defendant of 12-18 months, falling within zone C of the sentencing table. Given the extensive scope, value and quality of defendant's cooperation and the timeliness and consistency of her account of her activities, as well as those of her associates, the resulting sentencing range is fair and reasonable. A custodial sentence of one year and a day represents a significant punishment for defendant's fraudulent misconduct that resulted in approximately $2 million in bank losses, but at the same time it also

1  provides a measure of sentencing leniency that is appropriate given

2  defendant's successful efforts to cooperate with the government in

3  its prosecution of related co-schemers.

4  ## III. RESTITUTION AND LOSS

5      The PSR originally determined that the actual loss caused by

6  defendant's conduct was $1,655,932, based upon information regarding

7  victims' losses available as of January 17, 2012 and compiled by the

8  case agent in this matter, FBI Special Agent ("SA") Dieter Willkomm.

9  (PSR ¶¶ 42, 49).

10     Pursuant to the government's request, SA Willkomm has recently

11 received additional, and more current, information from all the

12 affected victims in this matter and has summarized this information

13 in a spreadsheet, which is entitled "Restitution Loss For Janeth

14 Brewer Based [On] Conspiracy with Rosa Estrada and Imelda Sanchez."

15 A copy of this summary spreadsheet, along with the documentary

16 supporting documents from the affected victims, is attached as

17 Exhibit A to the government's Sentencing Position.[1]  Based on this

18 spreadsheet and the information obtained by SA Willkomm, the

19 government respectfully submits that the total restitution that

20 should be ordered in this case is $1,915,955, which should be paid to

21 the victims at the addresses listed in the amounts set forth on

22 Exhibit A.

23

24     [1] Only one victim did not directly provide information to SA
    Willkomm regarding its actual loss, namely JP Morgan Chase in
25 connection with its loan on the 1646 Chadwell property in Santa
    Maria, California.  See note to Exh. A, explaining loss calculation.
26 However, in this instance SA Willkomm was able to provide a
    reasonable estimate of the bank loss by subtracting from the loan
27 principal balance the amount of funds JP Morgan Chase was able to
    collect through the sale of the collateral, resulting in a net loss
28 to JP Morgan Chase of $316,932.

The sentencing guidelines loss calculation, which reflects a slightly greater loss of $2,020,682, is summarized in a second spreadsheet prepared by SA Willkomm, based upon the difference between the unpaid loan principal and the sales price of the collateral on which the lenders foreclosed. This guidelines loss spreadsheet is attached hereto as Exhibit B to the government's sentencing position. While this guidelines loss amount is somewhat higher than the loss amount set forth in the PSR (¶ 49), the difference does not materially affect the magnitude of the proper guidelines loss enhancement, namely, a 16-level enhancement, which applies where the loss amount falls between $1 million and $2.5 million.

**IV.    CONCLUSION**

For all the foregoing reasons, the government respectfully submits that defendant's total offense level should be calculated as 13 and her guideline range, based on a criminal history category of I, is 12 to 18 months. Consistent with this range, the government recommends a custodial sentence for defendant of one year and one day, to be followed by a two-year term of supervised release, and imposition of restitution obligation of $1,915,955.

EXHIBIT **A**

RESTITUTION LOSS FOR JANETH BREWER BASED CONSPIRACY WITH ROSA ESTRADA & IMELDA SANCHEZ

U.S. v. Janeth Brewer

| Borrower | Address | Parties | Victim - Restitution Address | Victim Reported Loss Amount / Loss Calculation |
|---|---|---|---|---|
| Petra/Valente Sanchez Gonzales | 735 W Rainer Way, Santa Maria, CA | Brewer/Estrada | Freddie Mac<br>P.O. Box 730453<br>Dallas, Texas 75373<br>(972)395-4096 | 207,913 |
| Manuel & Elizabeth Gayton | 1109 Rosewood Dr, Santa Maria, CA | Estrada/Brewer | Freddie Mac<br>P.O. Box 730453<br>Dallas, Texas 75373<br>(972)395-4096 | 189,600 |
| Estella Sanchez | 1038 Old Oak Rd., Santa Maria, CA | Estrada/Brewer | Freddie Mac<br>P.O. Box 730453<br>Dallas, Texas 75373<br>(972)395-4096 | 109,900 |
| Ofelia Venegas | 1646 Chadwell Santa Maria, CA | Brewer/Estrada | JP Morgan Chase<br>10151 Deerwood Park Blvd.<br>Building 400, Floor 05<br>Jacksonville, FL 32256-0566<br>(904)565-5085 | 316,932 * |
| Steven & Monica Pallan | 2530 Laurie Way, Arroyo Grande, CA | Brewer/Sanchez/Estrada | FDIC<br>Acting as Receiver IndyMac<br>Restitution Processing<br>P.O. Box 971774<br>Dallas, TX 75397<br>(800) 568-9161 | 436,915 |

| Borrower | Address | Parties | Victim - Restitution Address | Victim Reported Loss Amount / Loss Calculation |
|---|---|---|---|---|
| Maria Elena Lopez Camarena | 422 South Ranch St., Santa Maria, CA | Brewer/Estrada | FDIC Acting as Receiver IndyMac Restitution Processing P.O. Box 971774 Dallas, TX 75397 (800) 568-9161 | 294,658 |
| Nestor Rojas | 603 West Edwards Street, Santa Maria, CA | Brewer/Sanchez | FDIC Acting as Receiver IndyMac Restitution Processing P.O. Box 971774 Dallas, TX 75397 (800) 568-9161 | 360,037 |
| | | | Total | 1,915,955 |

**Restitution Total per Victim Lender**

| | |
|---|---|
| Freddie Mac | 507,413 |
| FDIC | 1,091,610 |
| JP Morgan Chase | 316,932 * |
| Total | 1,915,955 |

* Loss calculated by taking the loan principle balance less REO/short sale amount.

Revised 08/11/2014



**FDIC**

**Federal Deposit Insurance Corporation**

1601 Bryan Street, Dallas, TX 75201                                     Division of Resolutions and Receiverships

October 7, 2013

Mr. Dieter Willkomm
Special Agent
Federal Bureau of Investigation
600 E. Plaza Drive
Santa Maria, CA 93454
(Dieter.Willkomm@ic.fbi.gov)


Re:  United States v. Estrada, Rosa
CA Central District Court Docket Number:  2:11-cr-01206-PSG
VICTIM IMPACT/LOSS STATEMENT OF THE FDIC (as Receiver for IndyMac)
TOTAL LOSS:                    **$ 731,573.00**

Dear Mr. Willkomm:

This Victim Impact Statement of Loss is provided to the court by the FDIC as Receiver for IndyMac
Bank ("FDIC-RI"), a victim in the above-referenced case.  The total actual loss from the crimes
committed by the defendant is calculated as **$ 731,573.00**. The allocation of loss for the two loans is:

|   | Property Address | Original Loan Amount | Original Second Mortgage | Loss to FDIC-RI |
|---|---|---|---|---|
| 1 | 2530 Laurie Way, Arroyo Grande CA 93420 | $ 750,000.00 | $ 200,000.00 | $ 436,915.00 |
| 2 | 422 South Ranch Street, Santa Maria, CA 93455 | $ 344,000.00 | $ 44,000.00 | $ 294,658.00 |
|   | Totals | $ 1,094,000.00 | | $      731,573.00 |

Under 12 U.S.C. § 1821(d) (2) (A), the FDIC, as receiver, succeeds to all the rights, titles, and
privileges of a failed insured depository institution, including the right as the "victim" to receive
criminal restitution.  Because the FDIC, as receiver, "steps into the shoes" of a failed insured
depository institution, the FDIC-RCB becomes the "victim" pursuant to 18 U.S.C. § 3663(a) (2) and
18 USC § 3663A(a)(2).  *See, e.g., United States v. Vaknin*, 112 F.3d 579, 591 (1st Cir. 1997) and
*United States v. Phaneuf*, 91 F.3d 255, 265 (1st Cir. 1996).  In addition, pursuant to the MVRA, the
FDIC, as receiver, is entitled to a mandatory order of restitution to the full extent of its losses, without
consideration of the economic circumstances of the defendant. *See United States v. Dean*, 949 F.
Supp. 782, 784-85 (D. Or. 1996).

The FDIC-RI is the only party entitled to restitution for these losses suffered by the failed insured financial institution. The depositors and creditors of the failed insured financial institution will be paid from available assets of the receivership in accordance with federal law. Restitution payments are among the assets of the receivership available for distribution. In 2007 the Department of Justice and the FDIC entered into a memorandum of understanding ("MOU") regarding the FDIC- RI's rights as a victim when it is appointed receiver for a failed financial institution. In particular, the MOU recognizes that the FDIC- RI is neither the "United States" for purposes of 18 U.S.C. § 3664(i) nor an insurer for purposes of 18 U.S.C. § 3664(j). If you need a copy, please let me know.

The FDIC- RI continues to pursue the liquidation of assets of the IndyMac Bank receivership. To the extent that future recoveries are realized, the defendant will be given credit, to the extent applicable, to the amount of restitution ordered by the Court.

To ensure that the defendant receives credit for payments made, remittances should be accompanied by,

> *Defendant's name,*
> *Case number:* 2: 11-CR-01206,
> *IndyMac Bank, FIN 10007*, and sent to the following address:

> FDIC Restitution Payments
> P.O. Box 971774
> Dallas, TX 75397-1774

If you have any questions or need additional information, please do not hesitate to contact me.

Sincerely Yours,

*Nav Gulati*

Nav Gulati, Resolutions and Receiverships Specialist, Criminal Investigations
Restitutions Unit, Division of Resolutions and Receiverships
Federal Deposit Insurance Corporation
(nagulati@fdic.gov )


cc:
Mr. Bob Rogers, Senior Attorney, FDIC
Mr. Curtis Sprague, Resolutions and Closings Manager, FDIC
file

1601 Bryan Street, Dallas, TX 75201 — Division of Resolutions and Receiverships

August 7, 2014

Mr. Dieter Willkomm
Special Agent
Federal Bureau of Investigation
600 E. Plaza Drive
Santa Maria, CA 93454
(Dieter.Willkomm@ic.fbi.gov)

Re: United States v. Brewer, Janeth et al
CA Central District Court Docket Number: 11-cr-00762
VICTIM IMPACT/LOSS STATEMENT OF THE FDIC (as Receiver for IndyMac)
TOTAL LOSS: **$ 360,037.00**

Dear Mr. Willkomm:

This Victim Impact Statement of Loss is provided to the court by the FDIC as Receiver for IndyMac Bank ("FDIC-RI"), a victim in the above-referenced case. The total actual loss from the crimes committed by the defendant is calculated as **$ 360,037.00**. The allocation of loss for the two loans is:

| | Property Address | Original Loan Amount | Original Second Mortgage | Loss to FDIC-RI |
|---|---|---|---|---|
| 1 | **603 EDWARD ST, Santa Maria CA 93458** | $ 368,000.00 | $ 92,000.00 | $        360,037.00 |
| | Totals | $ 368,000.00 | $ 92,000.00 | **$      360,037.00** |

Under 12 U.S.C. § 1821(d) (2) (A), the FDIC, as receiver, succeeds to all the rights, titles, and privileges of a failed insured depository institution, including the right as the "victim" to receive criminal restitution. Because the FDIC, as receiver, "steps into the shoes" of a failed insured depository institution, the FDIC-RI becomes the "victim" pursuant to 18 U.S.C. § 3663(a) (2) and 18 USC § 3663A(a)(2). *See, e.g., United States v. Vaknin*, 112 F.3d 579, 591 (1st Cir. 1997) and *United States v. Phaneuf*, 91 F.3d 255, 265 (1st Cir. 1996). In addition, pursuant to the MVRA, the FDIC, as receiver, is entitled to a mandatory order of restitution to the full extent of its losses, without consideration of the economic circumstances of the defendant. *See United States v. Dean*, 949 F. Supp. 782, 784-85 (D. Or. 1996).

The FDIC-RI is the only party entitled to restitution for these losses suffered by the failed insured financial institution. The depositors and creditors of the failed insured financial institution will be paid from available assets of the receivership in accordance with federal law. Restitution payments are among the assets of the receivership available for distribution. In 2007 the Department of Justice and the FDIC entered into a memorandum of understanding ("MOU") regarding the FDIC- RI's rights as a victim when it is appointed receiver for a failed financial institution. In particular, the MOU recognizes that the FDIC- RI is neither the "United States" for purposes of 18 U.S.C. § 3664(i) nor an insurer for purposes of 18 U.S.C. § 3664(j). If you need a copy, please let me know.

The FDIC- RI continues to pursue the liquidation of assets of the IndyMac Bank receivership. To the extent that future recoveries are realized, the defendant will be given credit, to the extent applicable, to the amount of restitution ordered by the Court.

To ensure that the defendant receives credit for payments made, remittances should be accompanied by,

> *Defendant's name*,
> *Case number:* 11-CR-00762,
> *IndyMac Bank, FIN 10007*, and sent to the following address:

> FDIC Restitution Payments
> P.O. Box 971774
> Dallas, TX 75397-1774

If you have any questions or need additional information, please do not hesitate to contact me.

Sincerely Yours,

*Nav Gulati*

Nav Gulati, Resolutions and Receiverships Specialist, Criminal Investigations
Restitutions Unit, Division of Resolutions and Receiverships
Federal Deposit Insurance Corporation
(nagulati@fdic.gov )


cc:
Mr. Bob Rogers, Senior Attorney, FDIC
Mr. Curtis Sprague, Resolutions and Closings Manager, FDIC
file



# Repurchase Loss Statement for Seller/Servicer Repurchases
## Federal Home Loan Mortgage Corporation (Single Family Servicing)

Freddie Mac Repurchase Contact: reo_repurchase_calculations@freddiemac.com   Phone   (000) 000-0000

**REO Unit**

Report #  5556

Address:   Freddie Mac
P. O. Box 730453
Dallas, TX  75373-0453

Run Date: 07/25/2012

FM Loan # 331095424 - FM Asset # 586741 / Servicer Loan # 1008499582

| | | Previous Owner & Property Address |
|---|---|---|
| Seller/Servicer # | 116770 | SANCHEZ, ESTELA G |
| Billing Date: | 7/25/2012 | 1038 OLD OAK ROAD |
| Repurchase Issue Date: | 8/25/2006 | SANTA MARIA, CA - 93454 |

| | | | | | |
|---|---|---|---|---|---|
| ANY | 6.125% | Settlement Date | 6/11/2008 | MI Proceeds date | |
| DDLPI | 7/1/2007 | REO Holding Period (Days) | 83 | Days MI Proceeds held | 0 |
| Foreclosure Sale Date | 3/20/2008 | Avg Days for holder payoff | 150 | Days past holder payoff | 196 |
| Participation Percentage | 100 | | | Short term cost of funds rate | 4.50% |
| Proj. Repurchase Due Dt: | 8/1/2012 | | | Net Yield Eff Date for ARMs | 11/29/2006 |

| Components | Calculation Gain/Loss | Explanation |
|---|---|---|
| Sales Price | $206,475.00 | Sales Proceeds received at the disposition of the property |
| Unpaid Principle Balance | ($284,800.00) | |
| Selling Expense | ($12,720.00) | |
| Lost Interest Recorded | ($7,168.77) | Accrued interest paid by Freddie Mac on the security at the accounting net yield rate from DDLPI through the average date of Security payoff. |
| **EXPENSES INCURRED:** | | |
| Total Expenses: | ($14,915.41) | |
| General & Administrative | ($1,100.00) | G&A expense incurred by Freddie Mac in an effort to dispose of the property. |
| Deed Preparation | $0.00 | |
| **PROCEEDS/INCOME:** | | |
| Mortgage Insurance Proceeds | $0.00 | |
| Repurchase Proceeds | $0.00 | |
| Other Income | $0.00 | |
| Other Proceeds/(Expense) | $4,328.86 | |
| **LOSS** | **($109,900.32)** | |

| BORROWING EXPENSES ON COSTS: | | | | |
|---|---|---|---|---|
| | | | | Interest paid by Freddie Mac at prime minus 1/2% (Freddie Mac's cost of funds rate) on borrowing funds used to pay obligations. |
| Principal Passed to Investor | | | ($6,882.02) | |
| $284,800.00 | 4.50% | 196 \ 365 | | |
| Expenses Incurred | | | ($76.31) | Interest paid on expenses is averaged over the REO Holding Period |
| $14,915.41 | 4.50% | 42 \ 365 | | |
| **Total Borrowing Expenses** | | | **($6,958.33)** | |

| INVESTMENT INCOME ON PROCEEDS: | | | | |
|---|---|---|---|---|
| | | | | Interest at Freddie Mac's cost of funds rate on funds received by Freddie Mac that will be netted against Servicer's repurchase obligation. |
| MI Proceeds | | | $0.00 | |
| $0.00 | 4.50% | 0 \ 365 | | |
| Repurchase Proceeds | | | $0.00 | |
| $0.00 | 4.50% | 0 \ 365 | | |
| Other Income | | | $0.00 | Interest is accrued on MI proceeds beginning the date received, whereas Other Income and Other proceeds are averaged over the REO Holding Period. |
| $0.00 | 4.50% | 42 \ 365 | | |
| Other Proceeds/Expenses | | | $22.15 | |
| $4,328.86 | 4.50% | 42 \ 365 | | |
| **Total Investment Income** | | | **$22.15** | |

| | | |
|---|---|---|
| NET COSTS | ($116,836.50) | Summation of items above. |
| Interest Expense from Settlement: | ($864.27) | Accrued Interest expense on Net Costs from Settlement to Repurchase/Makewhole Due Date |

| ESTIMATE AMOUNT DUE FROM SERVICER (Amount Due does NOT include Late Remittance Fees) | ($117,700.77) | |
|---|---|---|

| | | |
|---|---|---|
| Accrued Late Remittance Fee: | | Outstanding Late Remittance Fee on past due repurchase demand from Due Date to Settlement. (*) |
| (Late Remittance Fee assessed pursuant to Section 78.7.): | | Late Fee must be paid when remitting Makewhole funds. |

| Balance Due if paid by | 8/1/2012 | ($117,700.77) | Remit this Amount if it is Negative |
|---|---|---|---|

| PER DIEM IF PAID AFTER | 8/1/2012 | ($14.51) | Late Remittance Fee to continue if remains unpaid. |
|---|---|---|---|

## Additional Loan Information

| Listing Information: | HOA Information: | Improvements: |
|---|---|---|
| Current List Price:  $183,250 | IsThereHOA?:  N | Improvement :  $1,800 |
| Listing Date:  04/22/2008 | IsThere2ndHOA?:  N | |
| **BPO Values:** | Latest Approved Offer Info: | PCC Received Date: |
| As Is BPO Value:  $199,000 | AMT_OFR:  $207,000.00 | 4/7/2008 |
| Repaired BPO Value:  $201,800 | DT_OFR_ACCPTD:  05/02/2008 | |

## Broker Information

| Company and Owner Contact: | Address: | | |
|---|---|---|---|
| WHY USA PREFERRED PROPERTIES | 4869 S BRADLEY RD #104 | | |
| NOELLE COSMA | SANTA MARIA | CA | 93455 |
| (805) 922-0660    WHYUSASM@VERIZON.NET | | | |

The information transmitted in this document is for the exclusive use of the person or entity to which it is addressed and may contain legally privileged or confidential information. If you are not the intended recipient of this document, you are prohibited from reading, using, disclosing, disseminating or otherwise using or acting in reliance upon this information. If you have received this information in error, please notify the sender at Freddie Mac immediately, delete this information from your computer and destroy all copies of the information.



# Repurchase Loss Statement for Seller/Servicer Repurchases
## Federal Home Loan Mortgage Corporation (Single Family Servicing)

**Freddie Mac** *We make home possible*

REO Unit
Confidential - Control
REORDER.COPY.ID.NO.203

Freddie Mac Repurchase Contact: reo_repurchase_calculations@freddiemac.com   Phone  (000) 000-0000

Address:  Freddie Mac
P. O. Box 730453
Dallas, TX  75373-0453

Report #  5556

Run Date: 07/25/2012

| | | Previous Owner & Property Address |
|---|---|---|
| FM Loan # 327513888 - FM Asset # 585570 / Servicer Loan # 1006914921 | | |
| Seller/Servicer # | 116770 | GAYTAN, MANUEL G |
| Billing Date: | 7/25/2012 | 1109 WEST ROSEWOOD DR |
| Repurchase Issue Date: | 7/23/2008 | SANTA MARIA , CA - 93458 |

| | | | | | |
|---|---|---|---|---|---|
| ANY | 6.250% | Settlement Date | 6/2/2008 | MI Proceeds date | |
| DDLPI | 6/1/2007 | REO Holding Period (Days) | 84 | Days MI Proceeds held | 0 |
| Foreclosure Sale Date | 3/10/2008 | Avg Days for holder payoff | 150 | Days past holder payoff | 217 |
| Participation Percentage | 100 | | | Short term cost of funds rate | 4.50% |
| Proj. Repurchase Due Dt: | 8/1/2012 | | | Net Yield Eff Date for ARMs | 02/09/2006 |

| | Calculation | |
|---|---|---|
| **Components** | **Gain/Loss** | **Explanation** |
| Sales Price | $199,853.50 | Sales Proceeds received at the disposition of the property |
| Unpaid Principle Balance | ($355,989.50) | |
| Selling Expense | ($13,075.00) | |
| Lost Interest Recorded | ($9,143.57) | Accrued interest paid by Freddie Mac on the security at the accounting net yield rate from DDLPI through the average date of Security payoff. |
| EXPENSES INCURRED: | | |
| Total Expenses: | ($12,345.75) | |
| General & Administrative | ($1,100.00) | G&A expense incurred by Freddie Mac in an effort to dispose of the property. |
| Deed Preparation | $0.00 | |
| PROCEEDS/INCOME: | | |
| Mortgage Insurance Proceeds | $0.00 | |
| Repurchase Proceeds | $0.00 | |
| Other Income | $0.00 | |
| Other Proceeds/(Expense) | $2,199.97 | |
| **LOSS** | **($189,600.35)** | |

| | | | | |
|---|---|---|---|---|
| BORROWING EXPENSES ON COSTS: | | | | Interest paid by Freddie Mac at prime minus 1/2% (Freddie Mac's cost of funds rate) on borrowing funds used to pay obligations. |
| Principal Passed to Investor | | | ($9,523.94) | |
| $355,989.50 | 4.50% | 217 \ 365 | | Interest paid on expenses is averaged over the REO Holding Period |
| Expenses Incurred | | | ($63.93) | |
| $12,345.75 | 4.50% | 42 \ 365 | | |
| **Total Borrowing Expenses** | | | **($9,587.87)** | |

| | | | | |
|---|---|---|---|---|
| INVESTMENT INCOME ON PROCEEDS: | | | | Interest at Freddie Mac's cost of funds rate on funds received by Freddie Mac that will be netted against Servicer's repurchase obligation. |
| MI Proceeds | | | $0.00 | |
| $0.00 | 4.50% | 0 \ 365 | | |
| Repurchase Proceeds | | | $0.00 | |
| $0.00 | 4.50% | 0 \ 365 | | |
| Other Income | | | $0.00 | Interest is accrued on MI proceeds beginning the date received, whereas Other Income and Other proceeds are averaged over the REO Holding Period. |
| $0.00 | 4.50% | 42 \ 365 | | |
| Other Proceeds/Expenses | | | $11.39 | |
| $2,199.97 | 4.50% | 42 \ 365 | | |
| **Total Investment Income** | | | **$11.39** | |

| | | |
|---|---|---|
| NET COSTS | ($199,176.82) | Summation of items above. |
| Interest Expense from Settlement: | ($1,473.36) | Accrued Interest expense on Net Costs from Settlement to Repurchase/Makewhole Due Date |
| **ESTIMATE AMOUNT DUE FROM SERVICER** (Amount Due does NOT include Late Remittance Fees) | **($200,650.18)** | |

| | | |
|---|---|---|
| Accrued Late Remittance Fee: (Late Remittance Fee assessed pursuant to Section 78.7.): | | Outstanding Late Remittance Fee on past due repurchase demand from Due Date to Settlement. (*) Late Fee must be paid when remitting Makewhole funds. |
| **Balance Due if paid by** | 8/1/2012 | **($200,650.18)** | Remit this Amount if it is Negative |
| PER DIEM if paid AFTER | 8/1/2012 | ($24.74) | Late Remittance Fee to continue if remains unpaid. |

## Additional Loan Information

| Listing Information: | HOA information: | Improvements: |
|---|---|---|
| Current List Price: $199,990 | IsThereHOA?:  N | Improvement : $2,500 |
| Listing Date:  04/17/2008 | IsThere2ndHOA?:  N | |
| **BPO Values:** | Latest Approved Offer Info: | PCC Received Date: |
| As Is BPO Value:  $245,000 | AMT_OFR:  $207,000.00 | 4/7/2008 |
| Repaired BPO Value:  $255,000 | DT_OFR_ACCPTD:  04/25/2008 | |

## Broker Information

| Company and Owner Contact: | Address: |
|---|---|
| COLDWELL BANKER PREMIER RE | 2540 PROFESSIONAL PKWY |
| SHAY MURPHY | SANTA MARIA          CA    93455 |
| (805) 934-1000          SMURPHY@PREMIERLEND.COM | |

The information transmitted in this document is for the exclusive use of the person or entity to which it is addressed and may contain legally privileged or confidential information. If you are not the intended recipient of this document, you are prohibited from reading, printing, duplicating, disseminating or otherwise using or acting in reliance upon this information. If you have received this information in error, please notify the sender at Freddie Mac immediately, delete this information from your computer and destroy all copies of the information.



**Freddie Mac**
We make home possible®

REO Unit
Confidential - Do not
reproduce, copy or forward.

# Repurchase Loss Statement for Seller/Servicer Repurchases
## Federal Home Loan Mortgage Corporation (Single Family Servicing)

Freddie Mac Repurchase Contact: reo_repurchase_calculations@freddiemac.com    Phone  (000) 000-0000

Report #  5556

Address:    Freddie Mac
            P. O. Box 730453
            Dallas, TX  75373-0453

Run Date: 07/25/2012

FM Loan # 781472717 - FM Asset # 613498 / Servicer Loan # 145966464
Seller/Servicer #        204305
Billing Date:            7/25/2012
Repurchase Issue Date:

Previous Owner & Property Address
GONZALEZ, V
735 WEST RANIER WAY
SANTA MARIA , CA - 93458

| | | | | | |
|---|---|---|---|---|---|
| ANY | 5.875% | Settlement Date | 5/8/2009 | MI Proceeds date | |
| DDLPI | 1/1/2008 | REO Holding Period (Days) | 239 | Days MI Proceeds held | 0 |
| Foreclosure Sale Date | 9/11/2008 | Avg Days for holder payoff | 150 | Days past holder payoff | 343 |
| Participation Percentage | 100 | | | Short term cost of funds rate | 2.75% |
| Proj. Repurchase Due Dt: | 8/1/2012 | | | Net Yield Eff Date for ARMs | 01/30/2007 |

| Components | Calculation Gain/Loss | Explanation |
|---|---|---|
| Sales Price | $244,491.16 | Sales Proceeds received at the disposition of the property |
| Unpaid Principle Balance | ($408,000.00) | |
| Selling Expense | ($17,650.00) | |
| Lost Interest Recorded | ($9,850.68) | Accrued interest paid by Freddie Mac on the security at the accounting net yield rate from DDLPI through the average date of Security payoff. |
| **EXPENSES INCURRED:** | | |
| Total Expenses: | ($17,087.59) | |
| General & Administrative | ($1,100.00) | G&A expense incurred by Freddie Mac in an effort to dispose of the property. |
| Deed Preparation | $0.00 | |
| **PROCEEDS/INCOME:** | | |
| Mortgage Insurance Proceeds | $0.00 | |
| Repurchase Proceeds | $0.00 | |
| Other Income | $0.00 | |
| Other Proceeds/(Expense) | $1,283.91 | |
| **LOSS** | **($207,913.20)** | |

| BORROWING EXPENSES ON COSTS: | | | | | |
|---|---|---|---|---|---|
| Principal Passed to Investor | | | | ($10,543.73) | Interest paid by Freddie Mac at prime minus 1/2% (Freddie Mac's cost of funds rate) on borrowing funds used to pay obligations. |
| $408,000.00 | 2.75% | 343 \ 365 | | | |
| Expenses Incurred | | | | ($153.85) | Interest paid on expenses is averaged over the REO Holding Period |
| $17,087.59 | 2.75% | 120 \ 365 | | | |
| **Total Borrowing Expenses** | | | | **($10,697.57)** | |

| INVESTMENT INCOME ON PROCEEDS: | | | | | |
|---|---|---|---|---|---|
| MI Proceeds | | | | $0.00 | Interest at Freddie Mac's cost of funds rate on funds received by Freddie Mac that will be netted against Servicer's repurchase obligation. |
| $0.00 | 2.75% | 0 \ 365 | | | |
| Repurchase Proceeds | | | | $0.00 | |
| $0.00 | 2.75% | 0 \ 365 | | | |
| Other Income | | | | $0.00 | Interest is accrued on MI proceeds beginning the date received, whereas Other income and Other proceeds are averaged over the REO Holding Period. |
| $0.00 | 2.75% | 120 \ 365 | | | |
| Other Proceeds/Expenses | | | | $11.56 | |
| $1,283.91 | 2.75% | 120 \ 365 | | | |
| **Total Investment Income** | | | | **$11.56** | |

| | | | |
|---|---|---|---|
| NET COSTS | ($218,599.22) | Summation of items above. | |
| Interest Expense from Settlement: | ($988.19) | Accrued Interest expense on Net Costs from Settlement to Repurchase/Makewhole Due Date | |
| **ESTIMATE AMOUNT DUE FROM SERVICER** (Amount Due does NOT include Late Remittance Fees) | **($219,587.41)** | | |
| Accrued Late Remittance Fee: | | Outstanding Late Remittance Fee on past due repurchase demand from Due Date to Settlement. (*) | |
| (Late Remittance Fee assessed pursuant to Section 78.7.): | | Late Fee must be paid when remitting Makewhole funds. | |
| **Balance Due if paid by** 8/1/2012 | **($219,587.41)** | Remit this Amount if it is Negative | |
| PER DIEM IF PAID AFTER 8/1/2012 | ($16.54) | Late Remittance Fee to continue if remains unpaid. | |

## Additional Loan Information

| Listing Information: | HOA Information: | Improvements: |
|---|---|---|
| Current List Price : $259,500 | IsThereHOA?:   N | Improvement :  $0 |
| Listing Date:    05/05/2009 | IsThere2ndHOA?:   N | |
| BPO Values: | Latest Approved Offer Info: | PCC Received Date: |
| As Is BPO Value: $260,000 | AMT_OFR:  $255,000.00   03/19/2009 | 9/14/2008 |
| Repaired BPO Value: $260,000 | DT_OFR_ACCPTD:    03/19/2009 | |

## Broker Information

| Company and Owner Contact: | Address: | | |
|---|---|---|---|
| WHY USA PREFERRED PROPERTIES | 4869 S BRADLEY RD #104 | | |
| NOELLE COSMA | SANTA MARIA | CA | 93455 |
| (805) 922-0660    WHYUSASM@VERIZON.NET | | | |

The information transmitted in this document is for the exclusive use of the person or entity to which it is addressed and may contain legally privileged or confidential information. If you are not the intended recipient of this document, you are prohibited from reading, printing, duplicating, disseminating or otherwise using or acting in reliance upon this information. If you have received this information in error, please notify the sender at Freddie Mac immediately, delete this information from your computer and destroy all copies of the information.

EXHIBIT B

# Guideline Loss Summary for Fraudulent VODs & VOEs
## U.S. v. Janeth Brewer

| Borrower | Address | Parties | Lender | Victim | Loan Principle | REO Sales price | Loss |
|---|---|---|---|---|---|---|---|
| Petra/Valente Sanchez Gonzales | 735 W Rainer Way Santa Maria, CA | Brewer/Estrada | Central Coast One Stop Mortgage Group | Federal Home Loan Corp | 408,000 | | |
| | | Brewer/Estrada | Central Coast One Stop Mortgage Group | | 102,000 | 255,000 | 255,000 |
| Manuel & Elizabeth Gayton | 1109 Rosewood Dr Santa Maria, CA | Estrada/Brewer | Central Coast One Stop Mortgage Group | Federal Home Loan Corp | 356,000 | | |
| | | Estrada/Brewer | Central Coast One Stop Mortgage Group | | 66,750 | 207,000 | 215,750 |
| Estella Sanchez | 1038 Old Oak Rd. Santa Maria, CA | Estrada/Brewer | Central Coast One Stop Mortgage Group | Federal Home Loan Corp | 284,800 | | |
| | | Estrada/Brewer | Central Coast One Stop Mortgage Group | | 71,200 | 207,000 | 149,000 |
| Ofelia Venegas | 1646 Chadwell Dr. Santa Maria, CA | Brewer/Estrada | Argent Mortgage | JPMorgan Chase | 593,750 | 276,818 | 316,932 |
| Estanislao Acevedo | 436 E Taylor St. Santa Maria, CA | Brewer/Estrada | Alliance Bancorp | Unknown | 348,000 | | |
| | | Brewer/Estrada | Alliance Bancorp | | 18,000 | 123,000 | 243,000 |
| Steven & Monica Pallan | 2530 Laurie Way Arroyo Grande, CA | Brewer/Sanchez/Estrada | IndyMac | FDIC | 750,000 | | |
| | | Brewer/Sanchez/Estrada | IndyMac | | 200,000 | 626,000 | 324,000 |
| Maria Elena Lopez Camarena | 422 South Ranch St. Santa Maria, CA | Brewer/Estrada | IndyMac | FDIC | 344,000 | | |
| | | Brewer/Estrada | IndyMac | | 43,000 | 160,000 | 227,000 |
| Nestor Rojas | 603 W Edwards St, Santa Maria, CA | Brewer/Sanchez | Central Coast One Stop Mortgage Group | FDIC | 368,000 | | |
| | | Brewer/Sanchez | Central Coast One Stop Mortgage Group | | 92,000 | 170,000 | 290,000 |
| | | | | | | Total | 2,020,682 |

# CERTIFICATE OF SERVICE

I, **YENI GOMEZ**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on **August 12, 2014** I deposited in the United States mail at the United States Courthouse in the above-titled action, in an envelope bearing the requisite postage, a copy of: **GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE FOR SUBSTANTIAL ASSISTANCE PURSUANT TO USSG § 5K1.1 AND STATEMENT OF SENTENCING POSITION**

service was:

☒ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By electronic mail, as follows:

**Maytee Zendejas**
**U.S. Probation Office**
**21041 Burbank Blvd., Suite 200**
**Woodland Hills, CA 91367-6606**

at their last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on **August 12, 2014** at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

Yeni Gomez
Legal Assistant